IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

HENRY GIBBS JR.,                    )
                                    )
            Plaintiff               )    1:25-CV-00145-RAL
                                    )
     vs.                            )    RICHARD A. LANZILLO
                                    )    Chief United States Magistrate Judge
D. SMITH, VENTILATION               )
SUPERVISOR - INDIVIDUAL             )    MEMORANDUM OPINION ON
CAPACITY AND OFFICIAL               )    DEFENDANT'S MOTION TO DISMISS
CAPACITY,                           )
                                    )    RE: ECF NO. 24
                                    )
            Defendant               )
                                    )

Defendant D. Smith has moved to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). *See* ECF No. 24. For the following reasons, Defendant's motion will be GRANTED in part and DENIED in part.[1]

I.    Relevant Background and Procedural History

Plaintiff Henry Gibbs Jr. ("Gibbs") is a former inmate of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution in Forest County ("SCI-Forest").[2] He commenced this pro se civil rights action against Defendant Smith pursuant to 42 U.S.C. § 1983. ECF No. 4. Gibbs later filed an Amended Complaint (ECF No. 9), which remains his operative pleading. The Amended Complaint asserts an Eighth Amendment cruel-and-unusual-punishment claim and Fourteenth Amendment due process and equal protection claims against

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge as authorized by 28 U.S.C. § 636.

[2] Gibbs has been paroled and is no longer in the physical custody of the DOC.

Smith. Gibbs bases each claim on Smith's alleged failure to properly clean and maintain the prison ventilation system at SCI-Forest despite Gibbs' complaints that dust and lint was entering Gibbs' cell through his exhaust vent and exacerbating his chronic obstructive pulmonary disease ("COPD").

Gibbs' Amended Complaint is not separated into counts and is sprinkled with various legal terms, many of which are inapplicable to its factual allegations. Construing the Amended Complaint's allegations liberally, the Court has identified the following claims:

1. An Eighth Amendment conditions-of-confinement/cruel-and-unusual punishment claim;

2. Fourteenth Amendment substantive and procedural due process claims; and

3. A Fourteenth Amendment equal protection claim

It asserts these claims against Smith in both his individual and official capacities. As relief, the Amended Complaint seeks compensatory and punitive damages, as well as injunctive relief.

In support of his motion to dismiss, Smith argues that (1) Gibbs' claims against him in his official capacity are barred by the Eleventh Amendment; (2) the Amended Complaint does not allege facts to support that he was personally involved in any violation; and (3) the Amended Complaint fails to allege facts sufficient to state a Fourteenth Amendment equal protection claim, a Fourteenth Amendment procedural due process claim, or a Fourteenth Amendment substantive due process claim. *See* ECF No. 25. Gibbs has filed a brief in opposition to the motion (ECF No. 44). The motion is ripe for disposition.

2

II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet

3

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations of the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Gibbs is proceeding pro se, his Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the Court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, or poor syntax and sentence construction. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be unartfully drawn and should be read "with a measure of tolerance"). But "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted).

III.    Factual Allegations

Consistent with the foregoing standard of review, the Court accepts as true the following factual allegations of the Amended Complaint for purposes of Smith's motion.

4

Since early 2022, Gibbs has felt the effects of the dust entering his cell through the "exhaust vent." ECF No. 9, p. 5. Smith is the "ventilation supervisor" at SCI-Forest. *Id.*, p. 16, ¶ 12. In the last week of December in 2024, Gibbs sent a request slip to Smith along with a sample of the dust and foreign material coming from his cell exhaust vent on the CA unit. *Id.* Gibbs explained in the request slip that the foreign matter was negatively impacting his breathing. *Id.*, ¶ 13. On January 13, 2025, Gibbs filed a grievance about the foreign matter. *Id.*, ¶ 14. Smith and his work crew came to Gibbs' cell to investigate his claims and found some lint on the cell floor. *Id.*, ¶ 15.

Smith filed an Initial Review Response to the grievance stating that after submitting the work order to inspect Gibbs' cell, the vents were determined to be in sufficiently clean condition and that the HVAC Trade Inspectors had performed the quarterly filter change for the C-units in January. ECF No. 9-1, p. 3. Smith further asserted in the response that the only thing found was lint on Gibbs' cell floor that sheds off inmates' clothes and blankets and that does not pose a health hazard. *Id.* Gibbs alleges that these statements were "very, very untrue." ECF No. 9, ¶ 18. He asserts that the blankets and state issued clothes do not shed and that the lint comes from the cell exhaust vents. *Id.*, ¶¶ 18, 26. Gibbs further asserts that he has been housed in A-unit, B-unit, H-unit, KC-unit, and CA-unit and has observed the same foreign matter coming from exhaust vents in each. *Id.*, ¶ 19.

Gibbs alleges that the dust is not found in the common areas of the prison and that he has not found dust or lint on any of the objects or floors in the library where

his AA meetings are held. *Id.*, p. 12. Gibbs contends that this represents an equal protection violation because areas where correctional staff frequent are kept clean from this dust, but inmates' cells are not maintained to the same standard. Gibbs alleges that he has been prescribed several different inhalers and prednisone steroid tablets to address his breathing problems caused by the dust and lint accumulation. *Id.*, ¶¶ 24-25.

IV.    Discussion

A. All claims for monetary relief against Defendant Smith in his official capacity will be dismissed with prejudice.

Gibbs' Amended Complaint seeks compensatory and punitive damages against Defendant Smith in his official and individual capacity. To the extent Gibbs seeks damages against Smith in his official capacity, his claims are barred by the Eleventh Amendment, which proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities. *See Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651 (1974) (state employees acting in their official capacity). The DOC is an agency of the Commonwealth of Pennsylvania, and as such, it and its agents and employees acting in their official capacities are immune from monetary damages. *See Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019). Gibbs' claims for monetary relief against Smith in his official capacity will therefore be dismissed with prejudice.[3]

---

[3] To the extent the Amended Complaint requested injunctive relief not barred by the Eleventh Amendment, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), Gibbs' release from SCI-Forest rendered the request moot.

B.  Personal involvement

To prevail on any claim pursuant to 42 U.S.C. § 1983, the plaintiff must prove that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Est. of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). From these elements, it follows that a defendant faces liability under § 1983 only if he had "personal involvement" in the deprivation of the plaintiff's constitutional or other federal right. *See Gould v. Wetzel*, 2013 WL 5697866, at *2 (3d Cir. Oct. 21, 2013).

Gibbs describes Smith as SCI-Forest's "ventilation supervisor." The issue of "personal involvement" frequently arises when the plaintiff sues a supervisory official based on misconduct committed by a subordinate. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In that context, a defendant's liability "cannot be predicated solely on the operation of respondeat superior." *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Instead, the plaintiff must show that each defendant played an "affirmative part" in the complained-of misconduct. *Id.* This can be shown by alleging facts to support that the defendant "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with

7

appropriate particularity," including the specifics of each defendant's direct involvement in the conduct that violated the plaintiff's rights or the source of each defendant's knowledge of the violation and how his acquiescence contributed to it. *Rode*, 845 F.2d at 1207–08. *See also Evancho*, 423 F.3d at 354.

Smith argues that Gibbs has failed to plead his personal involvement because the Amended Complaint identifies him only as being responsible for the ventilation system and does not allege that he directed, participated in, or had knowledge of any constitutional violation. The Court disagrees. Gibbs alleges that Smith personally came to his cell to inspect the vents that are the subject of his claims. Unlike allegations based solely on supervisory status, these allegations connect Smith directly to the challenged condition and permit a reasonable inference that Smith had personal knowledge of the alleged ventilation issues. At the pleading stage, such allegations are sufficient to support Smith's personal involvement in the events underlying Gibbs' claims.

    C. The allegations of the Amended Complaint are sufficient to support Gibbs' conditions-of-confinement claim.

Gibbs' Amended Complaint alleges that Smith failed to properly clean and maintain his cell's exhaust vents and filters despite Gibbs' having complained that the ventilation system permitted excess dust and lint to enter his cell and exacerbate his chronic obstructive pulmonary disease. *See* ECF No. 9, p. 14. The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825,

832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  This also includes a right to adequate and healthy ventilation.  *See Board v. Farnham*, 394 F.3d 469, 486–87 (7th Cir.2005) (recognizing that "a constitutional right to adequate ventilation exists").  This right, however, is not a "right to be free from all discomfort" associated with a prison's ventilation system.  *Id.*  An inmate's conditions of confinement support an Eighth Amendment violation only if the deprivation is "objectively, 'sufficiently serious.'"  *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834).  And even if the deprivation is determined to be sufficiently serious, the plaintiff must also show that the "prison official [had] a sufficiently culpable state of mind."  *Id.*

The first element of the test is satisfied when an inmate is deprived of "the minimal civilized measure of life's necessities," *id.* (citation omitted), or when an inmate "is incarcerated under conditions that pose a substantial risk of serious harm."  *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (internal quotation marks omitted)).  Although an inmate need not show actual injury to satisfy the first element of the claim, only "extreme deprivations" support a sufficiently serious deprivation.  *Fantone v. Herbik*, 528 Fed. Appx. 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)).

"The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights."  *Id.* (citing *Wilson*, 501

U.S. at 302–03). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is *obduracy and wantonness, not inadvertence or error in good faith,* that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Wilson,* 501 U.S. at 298–99 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

Gibbs alleges that the ventilation system at SCI-Forest produced dust and lint in such a volume as to severely aggravate the underlying respiratory conditions of prisoners, like him, who suffered from such conditions. Thus, Gibbs' allegations support a plausible inference that the conditions to which he was exposed presented a serious risk to his health. At the pleading stage of the case, this is sufficient to satisfy the "objectively, sufficiently serious" element of Gibbs' Eighth Amendment claim. Gibbs' Amended Complaint acknowledges that Smith dispatched a crew to inspect his vents and that Smith told him that they determined that the material Gibbs complained of did not come from the ventilation system and, in any event, did not pose a health hazard. But Gibbs challenges the truth of Smith's assertions. The Court cannot properly assess the relative credibility of these positions on a motion to dismiss. At this stage of the case, the Court must accept Gibbs' factual allegations as true and draw all reasonable inferences from them in his favor.[4]

---

[4] Gibbs attaches to his Amended Complaint copies of Grievance Nos. 1127339 and 1134151 where he complains of the dust blowing into his cell from the ventilation system. *See* ECF No. 9-1, pp. 2-8. In

Gibbs' allegations are also adequate to support the deliberate indifference element of his Eighth Amendment conditions-of-confinement claim. Gibbs alleges that he repeatedly and directly advised Smith of the unhealthful conditions created by the ventilation system and that Smith nevertheless failed to take proper remedial action. These allegations support plausible inference that Smith was aware of the serious risk to Gibbs' health but responded with deliberate indifference to that risk. Smith's motion to dismiss will therefore be denied as to Gibbs' condition-of-confinement claim.

> D. The Amended Complaint fails to state a substantive or procedural due process claim.

To the extent Gibbs asserts a substantive due process claim based on the alleged accumulation of dust and lint in his cell due to a faulty ventilation system, it fails as a matter of law based on the "more-specific-provision" rule. "Under the more-specific-provision rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the ... Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Gibbs' due process claims are based on the same conduct as his Eighth Amendment claim. But it is the

---

the Initial Review Response, Smith informs Gibbs that he submitted a work order for maintenance to inspect the HVAC in Gibbs' cell, and that the investigation found the vents to be in an acceptably clean condition. *Id.*, p. 3. Smith further informed Gibbs that the HVAC Trade Instructors performed the quarterly filter change in January, and that the lint found on the floor was attributed to Gibbs' blankets and clothes and did not pose a health hazard. *Id.* Gibbs asserts that these statements are false. *Id.*, pp. 19-20. The extent to which the facts may support either party's position is appropriately addressed at summary judgment stage of the case.

Eighth Amendment that is specifically concerned with conditions-of-confinement that may be found to be "cruel and unusual." It, not the general concept of substantive due process under the Fourteenth Amendment, is the proper provision to apply when assessing Gibbs' claim.

Gibbs' procedural due process claim fails for similar reasons. Assuming without deciding that Gibbs' allegations implicate a liberty or property interest, *see Sandin v. Conner,* 515 U.S. 472 (1995), the conditions concerning which Gibbs complains are not amenable to a pre-deprivation process. The condition of the ventilation system was not an action taken against Gibbs but represented a general condition existing within the prison. If such conditions supported a procedural due process claim, then essentially every Eighth Amendment conditions-of-confinement claim would carry with it an overlapping procedural due process claim. The law provides no support for such a result. Moreover, Gibbs acknowledges that a procedure for challenging his conditions-of-confinement existed in the prison—the DOC grievance procedure of which he availed himself. Accordingly, Gibbs' Fourteenth Amendment procedural and substantive due process claims will be dismissed.

E. The Amended Complaint fails to state a Fourteenth Amendment equal protection claim.

To state a Fourteenth Amendment equal protection claim, an inmate must allege facts to support an inference of purposeful discrimination. *See Hernandez v. New York,* 500 U.S. 352 (1991); *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987). This requires more than demonstrating discriminatory impact. *See Arlington Heights v. Metropolitan Hous. Dev. Corp.,* 429 U.S. 252, 264–65 (1977). Discriminatory purpose implies that the decisionmaker selected a particular course of action at least in part because of, not merely despite, its adverse effects upon an identifiable group. *Hernandez,* 500 U.S. at 360. An inmate must allege facts specific to his own case that would support an inference that unlawful considerations played a part in the adverse decision. *McCleskey,* 481 U.S. at 293.

Gibbs alleges that "places...where the SCI-Forest Staff Member[sic] work and that their ventilation system is well kept and free from dust and lint. the[sic] Equal Protection clause of the 14th Amendment of the U.S. constitution clearly states that all persons in a similar situation should be treated alike." ECF No. 9, p. 12. Gibbs contends that the disparate treatment of inmates and staff areas as to cleanliness violates the Equal Protection Clause. These allegations, however, do not plausibly support an inference of intentional discrimination.

Gibbs does not allege that he is a member of a protected class, nor does he identify any similarly situated individuals who received more favorable treatment. Prison staff working in administrative areas or common spaces are not similarly situated to inmates housed in prison cells for purposes of facility maintenance and

13

housing conditions.  *See generally City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (equal protection requires that similarly situated persons be treated alike).   Moreover, Gibbs alleges no facts suggesting that Smith intentionally discriminated in the ventilation maintenance or cleaning of staff and inmate areas. Accordingly, Gibbs' equal protection claim will be dismissed.

V.   Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's motion to dismiss the Amended Complaint.  The motion will be granted as to (1) all claims for monetary relief against the Defendant in his official capacity; (2) Gibbs' Fourteenth Amendment procedural and substantive due process claims; and (3) Gibbs' Fourteenth Amendment equal protection claim.  These claims will be dismissed with prejudice because any attempt to amend to cure their deficiencies would be futile.  Defendant's motion to dismiss will be denied as to Gibbs' Eighth Amendment condition-of-confinement claim.

A separate order will follow.

DATED this 10th day of June 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE